EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| José Carrasquillo Román<br><br>Recurrido<br><br>v.<br><br>Institución Correccional Bayamón 501 p/c Superintendente de la Institución Departamento de Corrección y Rehabilitación p/c del Secretario del Departamento de Corrección Y Rehabilitación, Estado Libre Asociado de Puerto Rico<br><br>Peticionarios | Certiorari<br><br><br>2020 TSPR 70<br><br>204 DPR \_\_\_\_\_ |

Número del Caso: CC-2019-0060

Fecha: 27 de julio de 2020

Tribunal de Apelaciones:

    Panel X

Oficina del Procurador General:

    Lcdo. Isaías Sánchez Báez
    Procurador General

    Lcda. Sylvia Roger Stefani
    Procuradora General Auxiliar

    Lcdo. Pedro A. Vázquez Montijo
    Subprocurador General


Abogado de la parte recurrida:

    Lcdo. Jesús Miranda Díaz

Materia: Derecho Penal: A las personas sentenciadas bajo el Código Penal de 2012, no le aplican las bonificaciones por buena conducta y asiduidad que surgen del Art. 11 del Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilalón y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| José Carrasquillo Román | | |
|---|---|---|
| Recurrido | | |
| v. | | |
| Institución Correccional Bayamón 501 p/c Superintendente de la Institución Departamento de Corrección y Rehabilitación p/c del Secretario del Departamento de Corrección y Rehabilitación, Estado Libre Asociado de Puerto Rico | CC-2019-0060 | |
| Peticionarios | | |

Opinión del Tribunal emitida por el Juez Asociado señor MARTÍNEZ TORRES.

En San Juan, Puerto Rico, a 27 de julio de 2020.

Por los fundamentos que exponemos a continuación, resolvemos que a las personas sentenciadas bajo el Código Penal de 2012, Ley Núm. 146-2012, 33 LPRA sec. 5001 et seq., no le aplican las bonificaciones por buena conducta y asiduidad que surgen del Art. 11 del Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011, 3 LPRA Ap. XVI (Plan de reorganización). Por ello, revocamos la sentencia recurrida y declaramos que no procede la demanda.

I

El 9 de diciembre de 2016, un jurado emitió un veredicto unánime de culpabilidad contra el Sr. José

Carrasquillo Román por hechos ocurridos el 3 de octubre de 2015. Se le encontró culpable por violación del Art. 3.2(b) de la Ley para la Prevención e Intervención con la Violencia Doméstica, Ley Núm. 54 de 15 de agosto de 1989, según enmendada, (Ley Núm. 54), 8 LPRA sec. 632(b) (maltrato conyugal agravado). Ante esto, el foro primario sentenció al señor Carrasquillo Román a cumplir una pena de reclusión de cuatro años y tres meses.

Mientras el señor Carrasquillo Román se encontraba cumpliendo su sentencia, presentó una solicitud de mandamus y sentencia declaratoria ante el Tribunal de Primera Instancia el 10 de agosto de 2017. Alegó que el Departamento de Corrección aplicó incorrectamente el Reglamento Interno de Bonificación por Buena Conducta, Trabajo, Estudio y Servicios Excepcionalmente Meritorios de 3 de junio de 2015 (Reglamento), al negarle las bonificaciones por buena conducta y asiduidad que están contenidas en el Plan de Reorganización, ya que este guarda silencio sobre cómo proceder con las personas sentenciadas según el Código Penal de 2012, supra. También sostuvo que, a través del Artículo 307 del Código Penal de 2012, 33 LPRA sec. 5415, el legislador eliminó las penas en años naturales para delitos en leyes especiales como la Ley Núm. 54, 8 LPRA sec. 601 et seq. Además, explicó que el lenguaje del Art. 11 del Plan de Reorganización, supra, es claro al mantener el viejo cómputo de las bonificaciones, excluyendo solamente a las personas sentenciadas bajo el

Código Penal de 2004, Ley Núm. 149-2004, 33 LPRA sec. 4629 et seq. Por otro lado, planteó que debe ser declarado inválido cualquier reglamento que excluyera a las personas convictas bajo el Código Penal de 2012 de la aplicación de las bonificaciones por buena conducta y asiduidad.

En atención a lo anterior, el foro primario emitió una sentencia en la que proveyó ha lugar a la solicitud de mandamus y sentencia declaratoria del peticionario. De esta forma, ordenó la enmienda a la Hoja de Liquidación del peticionario para que se le acreditaran las bonificaciones por buena conducta y asiduidad. Asimismo, puntualizó que las bonificaciones debían ser computadas a doce días por mes, ya que la pena era de cuatro años y tres meses.

El foro primario razonó que al aprobarse el Código Penal de 2004, supra, se incorporó un sistema en el que las penas de reclusión se cumplirían en años naturales. De ese modo, el legislador atemperó la Ley Núm. 54, supra, al nuevo sistema de penas, para que las sentencias se cumplieran en años naturales. Ahora bien, el Código Penal de 2012, derogó el Código Penal de 2004, y eliminó el sistema de cumplimiento de las penas en años naturales. En el caso de las leyes especiales, el Art. 307 del Código Penal de 2012, supra, estableció una transición en lo que el legislador atempera las leyes especiales al nuevo sistema para establecer penas de reclusión. Ante esto, concluyó que a las sentencias bajo la Ley Núm. 54, supra, le aplican las bonificaciones de buena conducta y

asiduidad. Además, el legislador no enmendó el Art. 11 del Plan de Reorganización, supra, para excluir a las personas sentenciadas por el Código Penal de 2012, supra, de la aplicación de las bonificaciones por buena conducta y asiduidad. El foro primario también concluyó que el reglamento de bonificaciones se excedió en sus facultades, ya que no se podía excluir de la aplicación de las bonificaciones por buena conducta y asiduidad a quienes el legislador expresamente no excluyó.

En desacuerdo, el Departamento de Corrección apeló ante el Tribunal de Apelaciones. Planteó que el foro primario erró en proveer ha lugar al mandamus y a la sentencia declaratoria. Planteó que el Tribunal de Primera Instancia erró al concluir las bonificaciones por buena conducta y asiduidad aplican a las personas sentenciadas bajo el Código Penal del 2012, supra, y las leyes especiales atemperadas a ese código, al amparo del Art. 11 del Plan de Reorganización, supra.

El foro apelativo intermedio emitió una sentencia en la que confirmó la determinación del foro primario. Explicó que, con la aprobación del Código Penal de 2012, supra, se omitió mencionar si las penas impuestas al amparo de la Ley Núm. 54, supra, se cumplen en años naturales. Ante esto, concluyó que en ausencia de expresión legislativa al respecto, las sentencias bajo la Ley Núm. 54, íd., cualifican para bonificar por buena conducta o asiduidad. Mas aún, mencionó que resolver lo contrario equivaldría a

crear por analogía una pena, lo que es contrario al principio de legalidad.

Ante esto, el Procurador General acudió ante este foro mediante certiorari. En esencia, argumentó que el foro apelativo intermedio erró al confirmar la sentencia del Tribunal de Primera Instancia que proveyó ha lugar a la demanda de mandamus y sentencia declaratoria. A su juicio, el Tribunal de Apelaciones erró al concluir que a las personas sentenciadas por el Código Penal de 2012, supra, y las leyes especiales atemperadas a dicho código les aplican las bonificaciones por buena conducta y asiduidad. Expedido el auto y tras evaluar los escritos sometidos por las partes, procedemos a resolver la controversia que tenemos ante nuestra consideración.

II

**A.** La Asamblea Legislativa aprobó la Ley Orgánica de la Administración de Corrección (Ley de la Administración de Corrección), Ley Núm. 116 de 22 de julio de 1974, 4 LPRA sec. 1101 et seq. (ed. 2003), con el propósito de crear una agencia con los poderes y las herramientas necesarias para maximizar y viabilizar la reintegración a la sociedad de los confinados en Puerto Rico. Exposición de Motivos de la Ley de la Administración de Corrección (1974 (Parte 1) Leyes de Puerto Rico 535). En aras de cumplir con ese propósito, el Art. 16 de la Ley de la Administración de Corrección, 4 LPRA sec. 1161 (ed. 2003), disponía para la acreditación de bonificaciones por buena conducta y

asiduidad a toda persona sentenciada a reclusión, sin importar la sentencia impuesta.

La bonificación se refiere a la posibilidad de que el Estado considere cumplida la pena de reclusión del confinado antes de cumplir su condena. Álamo Romero v. Adm. de Corrección, 175 DPR 314, 330 (2009). Representa una expectativa de los confinados en relación con la fecha en que podrían obtener su libertad. Íd. El propósito de las bonificaciones es fomentar la buena conducta, rehabilitación y readaptación del confinado a las normas de convivencia social que han de afrontar una vez salgan de la cárcel. Pueblo v. Pizarro Solís, 129 DPR 911, 920 (1992).

Posteriormente, la Asamblea Legislativa aprobó la Ley Núm. 21 de 20 de julio de 1989, que emendó el Art. 16 de la Ley de la Administración de Corrección, supra, para excluir de la aplicación de bonificaciones por buena conducta y asiduidad a los confinados que cumplieran una pena de reclusión de noventa y nueve años o que estuvieran cumpliendo penas por reincidencia agravada o habitual.

Por otro lado, el mismo día en que se aprobó la Ley Orgánica de la Administración de Corrección también se aprobó el Código Penal de 1974, Ley Núm. 115 de 22 de julio de 1974, 33 LPRA sec. 1 et seq. El modelo de penas de reclusión que estableció el Código Penal de 1974 era uno en que se le imponía al confinado una pena que fluctuaba entre un mínimo y un máximo de duración. Exposición de Motivos del Código Penal de 2004 (2004 (Parte 1) Leyes de Puerto

Rico 880). De la exposición de motivos del Código Penal de 2004 surge la insatisfacción legislativa porque el método de fijar las penas de reclusión del Código Penal de 1974, supra, no era real, ya que estas no guardan relación con la severidad de los delitos. Exposición de Motivos del Código Penal de 2004, supra, pág. 880. Además, las bonificaciones podían reducir las penas hasta un cuarenta por ciento. Íd. Ante esto, el Código Penal de 2004, supra, estableció un nuevo sistema de penas de reclusión, en el que estas se impondrían en años naturales. Para ello, clasificó los delitos en grados y a cada grado se le asignó una pena. Art. 66 del Código Penal de 2004, 33 LPRA sec. 4694.

Con el propósito de atemperar la Ley de la Administración de Corrección al nuevo sistema de penas, la Asamblea Legislativa aprobó la Ley Núm. 315-2004. Exposición de Motivos de la Ley Núm. 315-2004 (2004 (Parte 2) Leyes de Puerto Rico 2251). Entre otros artículos, esta ley enmendó el Art. 16 de la Ley de la Administración de Corrección, supra, para que se lea así:

> **Toda persona sentenciada antes de la vigencia del nuevo Código Penal del Estado Libre Asociado de Puerto Rico** a cumplir término de reclusión en cualquier institución o que esté disfrutando de un permiso concedido a tenor con lo dispuesto en esta Ley o que se encuentre recluida en cualquier entidad gubernamental o privada como parte de un programa de rehabilitación o disfrutando de libertad bajo palabra, que observare buena conducta y asiduidad, tendrá derecho a las siguientes rebajas del término de su sentencia, las cuales se computarán desde su admisión a la institución de que se trate o desde que se concede la libertad bajo palabra:

(a)      …………………

(b)       …………………

     Dicha rebaja se hará por el mes natural y si la sentencia contuviere una fracción de mes, bien al principio o al fin de dicha sentencia, se le abonarán dos (2) días por cada cinco (5) días o parte de los mismos, contenidos en dicha fracción.

     …………………

     Se excluye de los abonos que establece este Artículo toda convicción que apareje pena de reclusión de noventa y nueve (99) años, toda convicción que haya dado lugar a una determinación de reincidencia agravada o de reincidencia habitual conforme establecen los incisos (b) y (c) del Artículo 62 de la Ley Núm. 115 de 22 de julio de 1974, según enmendada, conocida como el "Código Penal del Estado Libre Asociado de Puerto Rico", la convicción impuesta en defecto del pago de una multa o aquella que deba cumplirse en años naturales.

     **También se excluye de los abonos dispuestos en este Artículo a toda persona sentenciada a una pena de reclusión bajo el nuevo Código Penal del 2004.** Art. 4 de la Ley 315-2004(2004(Parte 2) Leyes de Puerto Rico 2255-2256.

De lo anterior, surge no solo la exclusión automática a las personas sentenciadas según el Código Penal de 2004, <u>supra</u>, sino que de la primera oración surge claramente que las bonificaciones por buena conducta y asiduidad solo aplicarán a las personas sentenciadas antes de la vigencia del Código Penal de 2004, <u>íd.</u> En otras palabras, las bonificaciones por buena conducta y asiduidad solo se le van a aplicar a personas sentenciadas según los códigos penales anteriores al Código Penal de 2004, <u>íd.</u>

Por otro lado, las penas de reclusión de muchas leyes penales especiales, como la que surge del Art. 3.2(b) de la Ley Núm. 54, supra, se enmendaron para atemperarlas al modelo de penas del Código Penal de 2004, supra. El propósito de esta enmienda fue ajustar esta ley penal especial al Código Penal de 2004, íd., para mantener la uniformidad en el ordenamiento jurídico. Exposición de Motivos de la Ley Núm.480-2004 (2004 (Parte 3) Leyes de Puerto Rico 3146). Tras varias enmiendas posteriores al 2004, el Art. 3.2(b), de la Ley Núm. 54, supra, se enmendó para que indicara que

> [s]e impondrá pena correspondiente a delito grave de tercer grado en su mitad inferior cuando en la persona del cónyuge, ex cónyuge o de la persona con quien se cohabita o se haya cohabitado, o con quien se sostiene o haya sostenido una relación consensual, o con quien se haya procreado un hijo o hija, independientemente del sexo, estado civil, orientación sexual, identidad de género o estatus migratorio de cualquiera de las personas involucradas en la relación, se incurriere en maltrato según tipificado en este capítulo, mediando una o más de las circunstancias siguientes:
>
> (a)   […]
>
> (b)   cuando se infiriere grave daño corporal a la persona.
>
> (c)   […]

Ya que las personas juzgadas según el Código Penal de 2004 no son elegibles para las bonificaciones por buena conducta y asiduidad y que, además, las penas de la Ley Núm. 54 se atemperaron al sistema que ese código penal instauró, la consecuencia es que los convictos por violar

la Ley Núm. 54 tampoco serán elegibles para disfrutar de esas bonificaciones. Lo contrario significaría eliminar la uniformidad en el sistema penal, que fue el objetivo del legislador al atemperar el Art. 3.2(b) de la Ley Núm. 54, supra, al sistema de penas implementado por el Código Penal de 2004, supra.

**B.** En lo pertinente a la controversia que tenemos ante nuestra consideración, el Plan de Reorganización, supra, derogó expresamente la Ley de la Administración de Corrección, supra. Dicho Plan de Reorganización reestructuró el Departamento de Corrección y Rehabilitación. Sin embargo, en cuanto a las bonificaciones por buena conducta y asiduidad, el Art. 11 del Plan de Reorganización, supra, regula todo lo relacionado con este tema. Esta disposición es similar al Art. 16 de la Ley de la Administración de Corrección, supra. En específico, el Art. 11 del Plan de Reorganización, supra, indica que

> [t]oda persona sentenciada a cumplir término de reclusión en cualquier institución, antes de la vigencia del Código Penal de Puerto Rico de 2004, secs. 4629 et seq. del Título 33, que esté disfrutando de un permiso concedido a tenor con lo dispuesto en este Plan o que se encuentre recluida en cualquier entidad gubernamental o privada como parte de un programa de rehabilitación o disfrutando de libertad bajo palabra, que observare buena conducta y asiduidad, tendrá derecho a las siguientes rebajas del término de su sentencia, las cuales se computarán desde su admisión a la institución de que se trate o desde que se concede la libertad bajo palabra:
>
> (a) Por una sentencia que no excediere de quince (15) años, doce (12) días en cada mes, o
> (b) por una sentencia de quince (15) años o más, trece (13) días por cada mes.

Dicha rebaja se hará por el mes natural. Si la sentencia contuviere una fracción de mes, bien sea al principio o al fin de dicha sentencia, se le abonarán dos (2) días por cada cinco (5) días o parte de los mismos, contenidos en dicha fracción.

La deducción por buena conducta y asiduidad podrá hacerse durante el tiempo que hubiere permanecido privada de su libertad cualquier persona acusada de cometer cualquier delito público, de ser sentenciada por los mismos hechos por los cuales hubiere sufrido dicha privación de libertad.

Se excluye de las bonificaciones que establece este artículo toda condena que apareje pena de reclusión de noventa y nueve (99) años, toda condena que haya dado lugar a una determinación de reincidencia agravada o de reincidencia habitual, conforme establecen los incisos (b) y (c) del Artículo 62 del Código Penal de 1974, la condena impuesta en defecto del pago de una multa y aquella que deba cumplirse en años naturales. También se excluye de los abonos dispuestos en este artículo a toda persona sentenciada a una pena de reclusión bajo el Código Penal de Puerto Rico de 2004.

Disponiéndose, además, que todo miembro de la población correccional sentenciado a una pena de noventa y nueve (99) años antes del día 20 de julio de 1989, incluyendo aquel miembro de la población correccional cuya condena haya dado lugar a una determinación de reincidencia agravada o de reincidencia habitual, ambas situaciones conforme al Código Penal de 1974, será bonificado como lo estipula el inciso (b) de este artículo, en el cómputo máximo y mínimo de su sentencia.

De otra parte, se excluye de los abonos que establece este artículo toda convicción por abuso sexual infantil; lo cual significa, incurrir en conducta sexual en presencia de un menor y/que se utilice a un menor, voluntaria o involuntariamente, para ejecutar conducta sexual dirigida a satisfacer la lascivia o cualquier acto que, de procesarse por la vía criminal, configuraría cualesquiera de los siguientes delitos: agresión sexual, actos lascivos, comercio de personas para actos sexuales, exposiciones obscenas, proposición obscena,

producción de pornografía infantil, posesión y distribución de pornografía infantil, utilización de un menor para pornografía infantil, envío, transportación, venta, distribución, publicación, exhibición o posesión de material obsceno y espectáculos obscenos, según han sido tipificados en el Código Penal de Puerto Rico.

Posteriormente, la Asamblea Legislativa aprobó un nuevo Código Penal en el 2012, supra. Esta ley cambió otra vez el método de imponer las penas de reclusión. Ante esto, el legislador incluyó en el nuevo Código Penal una cláusula de transición para las instancias en las que una persona resulte convicta por una ley especial atemperada al modelo de imposición de penas del Código Penal de 2004, supra, como es el caso de la Ley Núm. 54, supra. Véase, Art. 307 del Código Penal de 2012, supra.

Las personas sentenciadas bajo este nuevo código penal tampoco cuentan con el beneficio de las bonificaciones por buena conducta y asiduidad. En lo pertinente, el Art. 11 del Plan de Reorganización, supra, permaneció igual. De esta forma, aunque no se excluyen expresamente a las personas sentenciadas bajo el Código de 2012, supra, el primer párrafo es claro al indicar que las bonificaciones solo le van a aplicar a las personas sentenciadas antes de la vigencia del Código Penal de 2004, supra. De esta forma, al igual que sucedió a partir de la enmienda en 2004 al Art. 16 de la Ley de la Administración de Corrección, supra, las bonificaciones por buena conducta y asiduidad solo aplican a convictos sentenciados bajo los Códigos Penales anteriores al de 2004, supra. No se establecieron

para las demás personas sentenciadas según códigos posteriores.

Es por esto que el Secretario del Departamento de Corrección y Rehabilitación adoptó el Reglamento Interno de Bonificación por Buena Conducta, Trabajo, Estudio y Servicios Excepcionalmente Meritorios supra, utilizado al momento en que se presentó la solicitud de remedio del peticionario. Ese reglamento se adoptó en virtud de las disposiciones del Plan de Reorganización y derogó el Reglamento de Bonificación por Buena Conducta y Asiduidad de 10 de diciembre de 2013. Arts. II y XX del Reglamento, págs. 2 y 27. Así, las disposiciones del reglamento aplican a toda persona que haya sido sentenciada a cumplir una pena de reclusión. Art. III del Reglamento, pág. 2.

En lo pertinente a la controversia ante nos, el reglamento dispone que la bonificación por buena conducta "es la rebaja del término de la sentencia de un miembro de la población correccional conforme al [Plan de Reorganización]". Por otro lado, el reglamento establece que las leyes especiales no atemperadas al código penal se definen como las "leyes que no están sujetas a las disposiciones del código penal". Art. IV del Reglamento, págs. 5-6. Entre las leyes que serán consideradas como leyes especiales, no menciona la Ley Núm. 54, supra. Íd.

Cónsono con la ley aplicable, el reglamento requiere que las personas juzgadas bajo el Código Penal de 2012

quedaran excluidas de las bonificaciones por buena conducta y asiduidad. En lo pertinente, el reglamento indica que:

> […]
> h. Se excluyen de los abonos de este Artículo, a toda persona sentenciada a una pena de reclusión bajo el Código Penal de los años 2004 y 2012. Art. V del Reglamento, págs. 6-9.

En este caso, el señor Carrasquillo Román fue sentenciado en 2016 por violar en 2015 el Art. 3.2(b) de la Ley Núm. 54, supra. Al sentenciársele según una ley especial durante la vigencia del Código Penal de 2012, supra, la pena de reclusión se impuso según lo que se dispone en el Art. 307 del Código Penal de 2012, supra, ya que la ley especial- Ley Núm. 54, supra- no se enmendó para atemperarla al sistema de penas vigente. Conforme con lo anterior, las bonificaciones por buena conducta y asiduidad no aplican al señor Carrasquillo Román. Solo aplican a las personas sentenciadas bajo la vigencia de códigos penales previos a la aprobación del Código Penal de 2004, supra. El señor Carrasquillo Román no es uno de estos individuos.

Contrario a lo que resolvió el foro apelativo intermedio, no se puede concluir que hay una violación del principio de legalidad, ya que no se le está imponiendo una pena mayor a la que el señor Carrasquillo Román cumpliría. Según lo discutido anteriormente queda claro que a las personas sentenciadas bajo cualquier código penal posterior al de 2004 nunca le aplicaron las bonificaciones por buena conducta y asiduidad. Por lo tanto, no estamos aumentando

la pena, pues estas personas nunca fueron elegibles para esas bonificaciones.

### III

Conforme con lo anterior, no procede el recurso de _mandamus_ que solicitó el señor Carrasquillo Román ante el Tribunal de Primera Instancia. El recurso de _mandamus_ está disponible para que los tribunales le puedan ordenar a una persona, a una corporación o a un tribunal de inferior jerarquía, que cumpla o ejecute un acto que forma parte de sus deberes y atribuciones. Art. 649 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3421; Regla 54 de Procedimiento Civil, 32 LPRA, Ap. V. Véase, además, _Bhatia Gautier v. Gobernador_, 199 DPR 59, 75 (2017). Su expedición no se invoca como cuestión de derecho, sino que descansa en la sana discreción del foro judicial. _AMPR v. Srio. Educación, E.L.A._, 178 DPR 253, 266 (2010). Este recurso es un mecanismo para exigir que se cumpla con un deber impuesto por la ley, lo que se conoce como un deber ministerial. _Íd._, pág. 263. En otras palabras, no se trata de una directriz o una disposición que permite hacer algo, sino de un mandato específico que la parte demandada no tiene opción para desobedecer. _Íd._, pág. 264. Ante esto, el requisito fundamental para que un tribunal expida un recurso de _mandamus_ es que el deber que la persona debe ejecutar esté claramente definido en la ley y que esta le exija ejecutar esa acción. _Íd._, págs. 263-264.

Como podemos ver, no surge que el señor Carrasquillo Román tenga derecho a las bonificaciones por buena conducta y asiduidad. Ante esto, el Departamento de Corrección actuó correctamente al negarse a aplicar las bonificaciones por buena conducta y asiduidad al señor Carrasquillo Román. Por ende, se revoca la sentencia del Tribunal de Apelaciones y se declara sin lugar la demanda.

Se dictará Sentencia de conformidad.


RAFAEL L. MARTÍNEZ TORRES
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| José Carrasquillo Román<br><br>      Recurrido<br><br>           v.<br><br>Institución Correccional Bayamón 501 p/c Superintendente de la Institución Departamento de Corrección y Rehabilitación p/c del Secretario del Departamento de Corrección y Rehabilitación, Estado Libre Asociado de Puerto Rico<br><br>      Peticionarios | CC-2019-0060 | |

SENTENCIA

En San Juan, Puerto Rico, a 27 de julio de 2020.

Por los fundamentos antes expuestos en la Opinión que antecede, la cual se hace formar parte de esta Sentencia, se revoca la sentencia del Tribunal de Apelaciones y se declara sin lugar la demanda.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez y el Juez Asociado señor Estrella Martínez disienten con opinión escrita. El Juez Asociado señor Colón Pérez disiente sin opinión escrita.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

José Carrasquillo Román

    Recurrido

       v.

Institución Correccional
Bayamón 501 P/C Superintendente
de la Institución Departamento
de Corrección y Rehabilitación
P/C Secretario del Departamento
de Corrección y Rehabilitación,
Estado Libre Asociado de Puerto
Rico

    Peticionarios

CC-2019-0060

La Jueza Presidenta ORONOZ RODRIGUEZ emitió una Opinión disidente.

En San Juan, Puerto Rico, a 27 de julio de 2020.

> "Al preso no se le reconoce valor humano alguno. Cometido el delito, es sentenciado, y se le arroja en una prisión como si fuera una peste o un residuo social que no merece más consideración. {...}" Fernando Picó, *El Día Menos Pensado, Historia de los Presidiarios de Puerto Rico (1793-1993),* 2da. ed., Ediciones Huracán, págs. 191-192.

La Sección 19 del Artículo VI de la Constitución del Estado Libre Asociado de Puerto Rico dicta que la política pública del Gobierno de Puerto Rico será el "tratamiento adecuado de los delincuentes para hacer posible su rehabilitación moral y social". Art. VI, Sec. 19, Const. ELA, LPRA, Tomo 1, ed. 2016, pág. 455. Otorgar bonificaciones por buena conducta y asiduidad para incentivar la rehabilitación y promover un buen

comportamiento en las instituciones penales es un mecanismo que nuestro sistema correccional ha utilizado históricamente. Igualmente, se le confiere valor a las bonificaciones por estudio y trabajo, las cuales dependen de los esfuerzos laborales o académicos de la persona confinada. "[L]as bonificaciones, cualquiera que sea su categoría, son instrumentos penológicos que pueden incentivar notablemente a una persona a cumplir efectivamente con el plan institucional de rehabilitación".[1]

A base de estos principios, y ante un vacío legal, el Tribunal debió utilizar la protección de los derechos humanos como referente para resolver esta controversia. La omisión notable del legislador al no disponer si las penas impuestas al amparo de la Ley Núm. 54-1989 se cumplen en años naturales no debió interpretarse para afectar al confinado. Por eso, hubiera confirmado los dictámenes que emitieron los foros recurridos, pues estos determinaron correctamente no dar al traste con una herramienta importante para la rehabilitación. Ante ello y por los fundamentos que explico, disiento.

Como corolario de la precitada disposición constitucional se promulgó el Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011, Plan de Reorganización Núm. 2-2011, 3 LPRA Ap. XVIII, con el objetivo principal de establecer procesos de rehabilitación moral y social de los confinados para fomentar su reincorporación a la sociedad. Su

---

[1] L.A. Zambrana González, *La rehabilitación de la persona convicta como derecho humano: Su tensión con el ordenamiento penitenciario de Puerto*

Artículo 11 regula las bonificaciones por buena conducta y asiduidad. Este Plan de Reorganización se creó tomando en cuenta las disposiciones del Código Penal de 2004,[2] vigente al momento de su aprobación. El Código Penal de 2004 descartó expresamente un modelo en que las penas de los distintos grados de delito grave se computaban en años naturales. Es decir, instauró un esquema de penas reales no sujetas a bonificaciones automáticas, mediante las cuales el sentenciado cumpliría la totalidad de la pena que el tribunal impuso. Véase D. Nevares Muniz, *Nuevo Código Penal de Puerto Rico*, Ed. 2008, págs. 96-97. A esos efectos, la Asamblea Legislativa enmendó varias leyes especiales para atemperarlas al nuevo sistema de penas. De este modo, el legislador enmendó la Ley Núm. 54-1989, mediante la Ley Núm. 480-2004, para que las sentencias impuestas al amparo de ese estatuto se cumplieran en años naturales.

Sin embargo, al aprobarse el Código Penal de 2012,[3] vigente hoy, se derogó el Código Penal de 2004 y se adoptó un sistema basado en penas fijas. Al hacerlo, se retomó la visión de castigos más severos sin alternativas a la reclusión, al imponer "penas de reclusión excesivamente altas y en muchos casos no proporcionales a la gravedad o reprochabilidad del delito". D. Nevares-Muñiz, *Derecho Penal puertorriqueño: Parte general*, 7ma ed., San Juan, Ed. Inst. para el Desarrollo del Derecho, 2015, pág. 67. Con la adopción del nuevo Código Penal de 2012 la Legislatura

---

*Rico*, 87 Rev. Jur. UPR 1117, 1156 (2018).

[2] Código Penal del Estado Libre Asociado, Ley Núm. 149-2004,33 LPRA sec. 4694.

[3] Código Penal de Puerto Rico, Ley Núm. 146-2012, 33 LPRA sec. 5415.

criticó el sistema de penas que se adoptó en 2004 – caracterizándolo como lenitivo. **No obstante, nada expresó en torno a si las bonificaciones por buena conducta y asiduidad aplicarían bajo el nuevo código o bajo leyes especiales no atemperadas.**

Al aprobarse el nuevo Código Penal no se atemperó el Plan de Reorganización Núm. 2-2011. Este aún guarda silencio respecto a la aplicación de las bonificaciones a las personas sentenciadas bajo el Código Penal de 2012 y las leyes penales especiales atemperadas a ese Código. En cuanto a las leyes especiales solamente excluye de las bonificaciones las convicciones por abuso sexual infantil y las penas que se cumplen en años naturales. Esto último, bajo el raciocinio del Código Penal de 2004, donde se eliminaron las bonificaciones automáticas por ser innecesarias dentro del esquema de penas reales. Sin embargo, existe la anomalía de que el Artículo 308 del Código Penal de 2012 elimina expresamente las penas en años naturales para los delitos penales establecidos en leyes especiales, incluyendo la Ley Núm. 54-1989. Eso nos obliga a concluir que dentro de las exclusiones del Artículo 11 del Plan de Reorganización Núm. 2-2011 no se encuentran los sentenciados bajo la Ley Núm. 54-1989.

Ante ello, debimos remitirnos a los principios de aplicación del derecho penal en nuestra jurisdicción y concluir que las bonificaciones aplicaban al recurrido. De la misma forma en que no se le puede exigir a una persona común, en este caso al confinado, que estudie la exposición

de motivos y los proyectos de ley que anteceden a cada ley penal y que, además, especule sobre los mismos con el propósito de auscultar si su conducta está tipificada o no como un delito, tampoco se le puede exigir que haga el mismo ejercicio para saber si una bonificación le aplica a su sentencia. La ley penal tiene que, necesariamente, proveerle certeza. El principio de legalidad así lo exige. El Pueblo de Puerto Rico v. Yanzanis, 142 DPR 871, 878-879 (1997). El programa de bonificaciones afecta la forma en que se contabiliza el cumplimiento de años de las sentencias y el principio de legalidad exige certeza en el cumplimiento de la pena. Con esto como norte, al expresarse anteriormente sobre el sistema de bonificaciones este Tribunal había determinado que "viola el principio de legalidad concluir que un juez tiene autoridad para ordenar el cumplimiento de la pena en años naturales cuando la ley bajo la cual se condena guarda silencio sobre cómo se cumple, pues ello agrava la pena al tener que cumplir tiempo adicional". Pueblo v. Pizarro Solis, 129 DPR 911 (1992).

En el campo penal el proceso de hermenéutica legal es limitado. Por ello, cuando existen dudas en torno al alcance o sentido de una disposición penal, los tribunales debemos aclarar ese sentido o alcance. Esto no significa que podemos adscribirle a una ley un significado más limitado al que usualmente tiene dentro de la realidad social. Pueblo v. Figueroa Pomales, 172 DPR 403, 417 (2007). En este caso la Mayoría del Tribunal ignoró estos principios y optó por

interpretar el silencio del legislador para privar al sentenciado de la bonificación y consecuente rehabilitación. Por ello, disiento.


                                   Maite D. Oronoz Rodríguez
                                        Jueza Presidenta

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| José Carrasquillo Román<br><br>Recurrido<br><br>v.<br><br>Institución Correccional Bayamón 501 P/C Superintendente de la Institución Departamento de Corrección y Rehabilitación P/C Secretario del Departamento de Corrección y Rehabilitación, Estado Libre Asociado de Puerto Rico<br><br>Peticionarios | CC-2019-0060 | <u>Certiorari</u> |

Opinión disidente emitida por el Juez Asociado señor ESTRELLA MARTÍNEZ

San Juan, Puerto Rico, a 27 de julio 2020.

Disiento del dictamen mayoritario, pues entiendo que las personas enjuiciadas bajo el Código Penal de Puerto Rico de 2012, Ley Núm. 146-2012, 33 LPRA sec. 5001 <u>et seq</u>., tienen derecho a las bonificaciones en concepto de buena conducta y asiduidad. Veamos brevemente los fundamentos de mi disenso.

Las bonificaciones por buena conducta, al igual que aquellas por estudio y trabajo, "conforman un esquema penológico de retribución positiva a los esfuerzos y méritos individuales en la consecución de los objetivos de los planes de resocialización." L. A. Zambrana González, <u>La</u>

rehabilitación de la persona convicta como derecho humano: Su tención con el ordenamiento penitenciario de Puerto Rico, 87 Rev. Jur. UPR 1117, 1148 (2018). En ese sentido, las bonificaciones son indudablemente una de las principales motivaciones que tiene una persona confinada para que se rehabilite y se readapte a las normas de convivencia social. Íd., Pueblo v. Pizarro Solís, 129 DPR 911, 920 (1992).

Desde inicios del Siglo XX, en Puerto Rico ha existido un sistema de rebajas y bonificaciones. Véase, Ley del 14 de marzo de 1907, (Parte 1) 1907 LPR 303-304. Ello ha sido necesario debido a que las penas impuestas por los códigos penales y las leyes especiales de nuestro ordenamiento "suelen adolecer de una desproporción importante". L.A. Zambrana González, supra, pág. 1156. Por tanto, la imposición de penas exorbitantes y desproporcionalmente largas ha requerido consistentemente un sistema de rebajas y bonificaciones que las amortigüe. D. Nevares-Muñiz, Sentencias que realmente se cumplen, 24 Rev. Jur. UIPR 139, 139-140 (1989).

Sin embargo, el Código Penal de Puerto Rico de 2004, Ley Núm. 149-2004, 33 LPRA sec. 4629 et seq., aspiró a imponer penas "reales" que se cumplieran en años naturales. (Parte 1) 2004 LPR 879-883. Al partir de la premisa de que las penas impuestas serían proporcionales y reales, la Asamblea Legislativa eliminó por primera vez las bonificaciones de buena conducta. Ley Núm. 315-2004, 4 LPRA sec. 1161. Así se decidió, por entender que las penas

"absorberían" las bonificaciones y las rebajas antes concedidas. Lo anterior, se reiteró posteriormente en el Art. 11 del Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011, Ley Núm. 2-2011, 3 LPRA Ap. XVIII, el cual dispuso que sólo las personas enjuiciadas "antes de la vigencia del Código Penal de 2004" tendrían derecho a rebajas a su sentencia por buena conducta y asiduidad.

No obstante, el Código Penal de 2012 abandonó el concepto de penas en años naturales e impuso nuevamente "penas de reclusión excesivamente altas y en muchos casos no proporcionales a la gravedad o reprochabilidad del delito". D. Nevares-Muñiz, Derecho Penal puertorriqueño: Parte general, 7ma ed., San Juan, Ed. Inst. para el Desarrollo del Derecho, 2015, pág. 67. En esa ocasión, la Asamblea Legislativa fue **silente** en torno a si las personas sentenciadas bajo el Código Penal de 2012 tendrían derecho a las bonificaciones de buena conducta o no.

Como puede apreciarse de este trasfondo, hemos visto que las bonificaciones no se aplican en nuestro ordenamiento en un vacío. Al contrario, el sistema de bonificaciones se ha diseñado e implantado conforme a un andamiaje paralelo de penas. Ambos elementos se nutren entre sí, por lo que no se pueden estudiar aisladamente. En ese sentido, el único momento en el cual se suspendieron las bonificaciones por buena conducta en Puerto Rico se hizo a través del Código Penal de 2004 por razones justificadas y fundamentadas.

Entiéndase, que las penas impuestas ya no necesitaban de las bonificaciones debido a que las mismas eran proporcionales a la conducta delictiva cometida.

Sin embargo, el Código Penal de 2012 abandonó tal premisa e implantó nuevamente penas excesivas y desproporcionales. Al así hacerlo, la Asamblea Legislativa no se expresó sobre la aplicabilidad de las bonificaciones ni mucho menos invocó fundamento alguno para justificar su eliminación bajo este Código. Por tales razones, no podemos extender por analogía el razonamiento que justifica la eliminación de las bonificaciones bajo el Código Penal de 2004 a otro código penal. Ello, laceraría el principio de legalidad consagrado consistentemente en nuestros códigos penales, el cual "proscribe la imposición de penas cuando la ley no las autoriza". Pueblo v. Ramos Rivas, 171 DPR 826, 840 (2007). Es decir, en cuanto a la garantía penal se refiere, el principio de legalidad exige certeza en el cumplimiento de la pena. Por tanto, lo que se proscribe es que "un juez [supla] la voluntad del legislador, que no existe para los hechos que tiene ante si, puesto que si tal hubiera sido la intención del legislador la hubiera expresado claramente en la ley". D. Nevares-Muñiz, Código Penal de Puerto Rico, 9na ed., San Juan, Ed. Inst. para el Desarrollo del Derecho, 2015, pág. 3. Recordemos, además, que "la hermenéutica en la esfera del derecho penal exige, como principio cardinal, que un estatuto penal sea interpretado restrictivamente en cuanto a lo que desfavorece

al acusado". <u>Pueblo v. Rodríguez Jiménez</u>, 128 DPR 114, 119 (1991).

A pesar de lo anterior, una Mayoría de este Tribunal opta por privar a toda persona sentenciada bajo el Código Penal de 2012 de su derecho a bonificaciones por buena conducta. Para justificar esta postura, se acude al Art. 11 del Plan de Reorganización del Departamento de Corrección y Rehabilitación, <u>supra</u>, antes discutido. Ciertamente, tal estatuto mantiene que sólo las personas enjuiciadas "antes de la vigencia del Código Penal de 2004" tendrán derecho a rebajas de sus sentencias a razón de buena conducta. 3 LPRA Ap. XVIII. No obstante, este artículo se aprobó **antes** que el Código Penal de 2012, por lo que no hace referencia expresa al mismo. Es decir, el Art. 11 es silente en torno a si esa normativa es aplicable a las personas sentenciadas bajo el Código Penal de 2012.

Además, tal expresión legislativa es insuficiente para privar a tantas personas enjuiciadas bajo este último Código de las bonificaciones de buena conducta. Tal como este Tribunal ha resuelto anteriormente en el contexto de las bonificaciones, "las personas convictas por delitos que se encuentren recluidas en una institución penal **son acreedoras a recibir tales beneficios siempre y cuando la ley no les excluya específicamente**". (Énfasis suplido). <u>Pueblo v. Ramos Rivas</u>, supra, págs. 834-835. En consecuencia, el silencio de la Asamblea Legislativa debe de interpretarse a favor de las personas acusadas.

En fin, debemos tener presente que la Constitución de Puerto Rico establece, como política pública, que el propósito del confinamiento es la "rehabilitación social y moral". Art. VI, Sec. 19, Const. PR, LPRA, Tomo 1. En aras de materializar tal derecho, no debemos descartar una herramienta tan poderosa de la rehabilitación como lo es la bonificación por buena conducta sin una expresión legislativa contundente que así lo exija. Por tales razones, respetuosamente disiento. Debido a lo anterior, hubiese confirmado el dictamen del Tribunal de Apelaciones y del Tribunal de Primera Instancia.


                                    Luis F. Estrella Martínez
                                         Juez Asociado